**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

[1] EUSEBIO ESCOBAR-DE JESUS,

Defendant.

CRIMINAL NO. 90-130 (ADC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

Defendant Eusebio Escobar-De Jesus (hereinafter "Mr. Escobar-De Jesus") moves the Court, through counsel, to reduce his life sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The compassionate release motion that is currently pending (Docket No. 1338), as well as several supplements to said motion (Docket Nos. 1368 and 1374), have been referred to me for report and recommendation. (Docket No. 1375). Despite being ordered to respond (Docket No. 1342), the United States has not responded to the defendant's motion. The probation officer, however, has expressed her position. (Docket No. 1351).

For the reasons set forth below, I recommend that defendant's compassionate release motion be GRANTED. However, I express no opinion as to the extent of any reduction should the Presiding District Judge be inclined to adopt my recommendation.

1

## II. FACTUAL[1] AND PROCEDURAL BACKGROUND

For his participation and leadership role in a large drug-trafficking organization, Mr. Escobar-De Jesus was convicted by a jury of sixteen drug, assault, and weapons-related counts, including engaging in a continuing criminal enterprise (Count One), and causing an intentional killing while engaged in said continuing criminal enterprise (Count Twelve), in violation of 21 U.S.C. §§ 848(a) & (c) and 848(e), respectively.

On May 24, 1993, Mr. Escobar-De Jesus was sentenced to life imprisonment as to Counts One, Ten, Twelve and Twenty; ten years as to Counts Seven, Fifteen and Sixteen; five (5) years as to Counts Eleven, Seventeen and Eighteen; and four (4) years as to Counts Nineteen, Twenty-Three, Twenty-Four and Thirty-Three, all to be served concurrently with each other. (*See* Docket No. 1338-3). If ever released, he is to serve a total of five (5) years in supervised release. (*Id.*) On appeal, all the convictions of Mr. Escobar-De Jesus were affirmed. *United States v. Escobar-De Jesus*, 187 F.3d 148 (1st Cir. 1999). He has been unsuccessful in his many attempts to obtain a reduction of his life sentences.

Mr. Escobar-De Jesus' most recent attempt comes in the form of a counseled "Supplementary Motion to Grant Request for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and (ii) and Motion at Docket No. 1336." (Docket No. 1338). Said motion was filed on September 3, 2021, and has been supplemented several times.

---

[1] For a detailed discussion of the facts and procedural travels of the case, the reader is referred to the First Circuit's opinion in *United States v. Escobar-De Jesus*, 187 F.3d 148 (1st Cir. 1999).

(Docket Nos. 1345, 1349, 1357, 1366, 1368, 1374[2] and 1376). On October 1, 2021, the Court ordered the government and the probation officer to respond to the compassionate release request at Docket No. 1338. (Docket No. 1342). As stated above, the probation officer complied (Docket No. 1351), but the government has not responded. On February 23, 2024, the presiding District Judge referred the pending compassionate release motion and supplements to me for report and recommendation. (Docket No. 1375).

### III. APPLICABLE LAW AND DISCUSSION

Mr. Escobar-De Jesus argues that several extraordinary and compelling reasons support a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). He claims that his age (he is currently 74 years old), the fact that he has been incarcerated for more than 33 years, his medical circumstances, his unusually long sentence, and his effort at rehabilitation, in combination, all militate in favor of granting him a reduction of his sentence. He also maintains that he is no longer a danger to the community under 18 U.S.C. § 3142(g) and that a reduction in sentence would be consistent with both the applicable policy statement (U.S.S.G. § 1B1.13) and the 18 U.S.C. § 3553(a) factors.

### A. *Legal Framework*

The so-called compassionate release statute, allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

---

[2] At Docket No. 1374, the defendant supplemented his motion for compassionate release acknowledging that the amended policy statement at U.S.S.G. § 1B1.13 has entered into effect and controls the analysis.

> reduce the term of imprisonment (and… impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023). Whether the reasons advanced by the defendant are extraordinary and compelling is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued any policy statements applicable to prisoner-initiated compassionate release motions, the First Circuit had held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and

4

compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022). Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that the holding in *Ruvalcaba* meant that district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors. The "any complex of circumstances" approach, is shaped, however, by the arguments advanced by the defendant, such as when the defendant presents separate arguments in support of his request rather than multiple arguments in favor of the sentence reduction. *United States v. Gonzalez*, 68 F.4th 699, 706 (1st Cir. 2023).

It is imperative to note that the Sentencing Commission's policy statement regarding defendant-filed motions for compassionate release is now in effect. *See* U.S.G.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

The Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other

reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

The policy statement also requires the court to make a finding that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The factors include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness that the release of the person would pose to any person or the community. 18 U.S.C. § 3142(g).

With the above legal framework in mind, I discuss Mr. Escobar-De Jesus' arguments in favor of compassionate release.

### B. Exhaustion of Administrative Remedies

Before discussing the merits of Mr. Escobar-De Jesus' arguments, a threshold matter must be addressed. Prior to entertaining a defendant-filed motion for compassionate release, the court must be satisfied that the defendant fully exhausted administrative remedies, or that 30 days elapsed without the director of the Bureau of Prisons having brought such a motion on the defendant's behalf despite a request to the warden of the defendant's facility, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Texeira-Nieves*, 23 F.4th 48, 52-53 (1st Cir. 2022).

In this case, Mr. Escobar-De Jesus has presented evidence in the form of an attachment to his motion, showing that on June 1, 2020, he requested from the warden of his facility that a reduction in sentence or compassionate release motion be filed on his behalf. (Docket No. 1338-2). There is no evidence in the record that the warden acted

on the request, and certainly, more than 30 days elapsed without the director of the BOP moving for a sentence reduction on the defendant's behalf. Further, the probation officer in this case has determined, after conducting her own inquiry, that "based on the information available to [her], it appears that Mr. Escobar has complied with the exhaustion requirement." (Docket No. 1351 at 3).[3] Therefore, I find that defendant's motion for compassionate release is properly before the court.

### C. Analysis

#### 1. Mr. Escobar-De Jesus has met his burden of showing extraordinary and compelling reasons.

After careful consideration of the record, I find that a combination of some of the reasons advanced by the defendant rise to the level of extraordinary and compelling warranting compassionate release. First, with respect to the state of defendant's health, there is evidence in the record demonstrating that his past and present medical circumstances are serious. The defendant suffers from a terminal illness—prostate cancer—that while in remission now, required him to undergo radiation therapy (42 sessions), oral chemotherapy (Lupron) and must be constantly monitored. In addition to the prostate cancer, Mr. Escobar-De Jesus suffers from Glaucoma, hypertension, and Hepatitis C.

---

[3] In any event, the exhaustion requirement is not a jurisdictional bar; rather, it is a mandatory claim processing rule. *See United States v. Texeira-Nieves*, 23 F.4th at 53 ("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation . . . ."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023)(citations omitted). The government chose not to respond to defendant's motions. Accordingly, I find that the government has waived the exhaustion defense and recommend that the defendant's motion be decided on its merits.

A physician from the BOP facility that houses Mr. Escobar-De Jesus has certified that his medical circumstances include a debilitating medical condition that is serious and chronic, and that diminishes his ability to function in a correctional environment. (Docket No. 1338-8). The policy statement applicable to compassionate release specifically provides that extraordinary and compelling reasons exist if "the defendant is . . . suffering from a serious physical or medical condition, . . . or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §§ 1B1.13(b)(1)(B)(i) and (ii). Given his age and medical conditions, Mr. Escobar-De Jesus meets the criteria of the policy statement regarding medical circumstances.

Second, standing alone, but also in combination with the medical circumstances, Mr. Escobar-De Jesus' age supports a finding that extraordinary and compelling reasons exist in this case. With respect to age of the defendant, the policy statement provides that compassionate release may be warranted if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1b1.13(B)(2). Mr. Escobar-De Jesus is 74 years old and has served over 33 years in prison.

Third, the rehabilitation efforts by Mr. Escobar-De Jesus while serving his sentence for the past over three decades, similarly support a finding that a reduction of his sentence is warranted. I am mindful that for purposes of the policy statement, rehabilitation, by itself, cannot be considered an extraordinary and compelling reason.

8

U.S.S.G. § 1B1.13(d).  However, the Sentencing Commission has determined that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

Here, the record shows, as corroborated by the probation officer, that the defendant has participated in many courses (22 in total), has received satisfactory work evaluations, and while his disciplinary record is not pristine, he has been able to stay out of trouble for many years.  None of his disciplinary incidents have been violent in nature.  Moreover, according to the record, he is a born again Christian.  Letters of recommendation attest to the sincerity of his conversion. (Docket Nos. 1345, 1349, 1366, 1368-2, and 1370).

I do not find merit, however, in the contention of Mr. Escobar-De Jesus that he has established extraordinary and compelling reasons because he received an unusually long sentence. He cites to section 401 of the First Step Act of 2018 ("FSA"), a nonretroactive amendment to the statutory penalties in 21 U.S.C. §§ 841 and 960, for the proposition that there may be a disparity between the life sentence imposed on him and, I surmise, the term of imprisonment he would receive if sentenced today.  To the extent that is his contention, I disagree.

> The policy statement provides in relevant part that:
>
>> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence

being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Certainly, any life sentence is an unusually long sentence when compared to the average sentence of imprisonment in federal court. Also, Mr. Escobar-De Jesus has served more than 10 years. But in this case, even if the defendant were to be sentenced today, he still would be subjected to a mandatory life sentence under the continuing criminal enterprise statute. *See* 21 U.S.C. § 848(b). The defendant has cited no authority, and I have found none, identifying a change in the law that would results in him not being subjected to mandatory life. Section 401 of the FSA did not change this reality.[4] *See United States v. Joseph*, CR. NO. 06-00080 (02) SOM, 2023 WL 6690694, 2023 U.S. Dist. LEXIS 183475 at *9 (D. Haw. Oct. 12, 2023)(rejecting the contention that a mandatory life sentence that would still apply today falls under the policy statement's unusually long sentence category and rebuking the attempt to establish extraordinary and compelling reasons by comparing sentences for different crimes.)

Notwithstanding, I have found that other extraordinary and compelling reasons exist in this case sufficient to warrant a sentencing reduction. I must, therefore, address the remaining prongs of the analysis.

---

[4] Perhaps the point is that the FSA may have changed the sentencing exposure with respect to some of the counts of conviction for which the defendant also received a life sentence. Again, this is of no consequence because he still faces mandatory life.

**2. There are factors mitigating any danger Mr. Escobar-De Jesus may still pose.**

This is close call. Mr. Escobar-De-Jesus was a leader of a large-scale drug organization that imported cocaine from Colombia for distribution in Puerto Rico and New York. Such operation was determined to be a continuing criminal enterprise. He was also convicted of assault and weapons-related charges. More concerning, he was found guilty of causing the killing of an individual as part of the continuing criminal enterprise. And, at the time of sentencing, he had a prior criminal record from the Puerto Rico local system that included convictions for burglary, robbery, and possession of weapons. (Docket No. 1351 at 9).

Nevertheless, the conduct occurred more than 33 years ago. During the time of his incarceration, Mr. Escobar-De Jesus has made commendable efforts to rehabilitate himself. His prison record as well as letters submitted, attest to him being a changed man. His age and health conditions also point in the direction of him no longer being a danger to others in the community for data and studies by the Sentencing Commission show that older offenders are substantially less likely than younger offenders to recidivate following release.[5] Moreover, in a recent "FSA Recidivism Assessment" conducted by the BOP, Mr. Escobar-De Jesus was assigned a classification of low risk. (Docket No. 1366-1).

---

[5] *See* THE EFFECTS OF AGING ON RECIDIVISM AMONG FEDERAL OFFENDERS, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf#page=9. Over an eight-year follow up, only 13.4% of offenders age 65 or older at the time of release were re-arrested. *Id.*

11

If released, Mr. Escobar-De Jesus will be under conditions of supervised release for five years. And the probation officer has determined that defendant has a support system in the community. She further suggests that "the Court could also consider the imposition of strict conditions of release to address the danger to the community as well as facilitate his reintegration to the Community." (Docket No. 1351 at 10).

For the above-stated reasons, after balancing the factors in 18 U.S.C. § 3142(g), I find that the defendant will not be a danger to the safety of any person or the community if a reduction of his sentence is granted.

### 3. A sentence reduction would be consistent with the applicable policy statement of the Sentencing Commission.

In addition to finding that Mr. Escobar-De Jesus has shown extraordinary and compelling reasons following the rubric of the policy statement itself, when I compare the record of this case and the specific circumstances of the defendant, it is my opinion that a sentence reduction is consistent with the tenets of U.S.S.G. § 1B1.13. Indeed, deteriorating health and old age are some of the main grounds a defendant can assert in seeking compassionate release. *See United States v. Jones*, No. 21-20434, 2024 WL 1116925, 2024 U.S. Dist. LEXIS 45321 at *5 (E.D. Mich. Mar. 14, 2024)(finding that granting compassionate release based on defendant's health concerns and age was consistent with the relevant policy statement); *see also United States v. Bradley*, No. 16-20014-04-JAR, 2023 WL 8803359, 2023 U.S. Dist. LEXIS 226591 at *7 (D. Kan. Dec. 20, 2023)(same).

**4. The requested reduction is warranted after considering the section 3553(a) factors applicable to Mr. Escobar-De Jesus' case.**

I agree with the discussion and assessment of the probation officer with respect to the section 3553(a) factors. (Docket No. 1351 at 6-9). The probation officer specifically highlighted Mr. Escobar-De Jesus only having one disciplinary infraction since 2002, his participation in numerous educational programs, his satisfactory work evaluations, and his conversion to Christianity[6] "which has directed his life in a positive direction." (*Id.* at 6). A reduction of his sentence given his age and health conditions, and after more than three decades, will still reflect the seriousness of the offense, be just punishment and promote both deterrence and respect for the law. It will also protect the public from further crimes as stated in the previous section since there are steps that can be taken to ameliorate any potential danger to the community by imposing strict conditions of supervision. Mr. Escobar-De Jesus also seems to have a support system and a re-entry plan that will assist him in the transition from prison to the free community.

## IV. CONCLUSION

In view of the foregoing, I recommend that Mr. Escobar-De Jesus' motion for compassionate release be GRANTED. I express no opinion as to the extent of any reduction, should the Presiding District Judge be inclined to follow my recommendation.

---

[6] A letter by Supervisory Chaplain Timoty J. Sastic dated August 16, 2021 states in relevant part that Mr. Escobar-De Jesus "has been an active member of Protestant Communities in the Bureau of Prisons for nearly 20 years, . . [,] lives the tenets of his faith in an exemplary manner . . . [,and] [t]he Protestant Christian Community at FCI Fairton holds him in high esteem as a great example of following their faith." (Docket No. 1366-2).

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 22nd day of March, 2024.

> S/Héctor L. Ramos-Vega
> HÉCTOR L. RAMOS-VEGA
> UNITED STATES MAGISTRATE JUDGE